### GORMLEY v. FORTY-SECOND ST., ETC., RY. CO.

(Supreme Court, Appellate Division, First Department.   December 7, 1906.)

STREET RAILROADS—COLLISION WITH VEHICLE—EVIDENCE—SUFFICIENCY.

    In an action against a street railway for personal injuries, evidence *held* insufficient to support a verdict based on the theory that plaintiff was thrown from his truck by a collision with a street car.

Appeal from Trial Term, New York County.

Action by Frank Gormley against the Forty-Second Street, etc., Railway Company.   From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals.   Judgment and order reversed, and new trial ordered.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Bayard H. Ames, for appellant.
Milton Darmann, for respondent.

PATTERSON, J.  The verdict of the jury in this case is against evidence.  The plaintiff sought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant's servants in operating one of its cars on Forty-Second street, near First avenue, in the borough of Manhattan, in the city of New York.  The plaintiff alone testified on his behalf as to the actual occurrence.  According to his version, he was driving a heavily loaded single-horse truck in a southerly direction along First avenue, and turned into Forty-Second street to proceed westerly along that street. He was going through the tunnel on Forty-Second street, and (he testified) that behind him was a car, the motorman of which was sounding his bell as a signal to clear the track; that thereupon he, the plaintiff, turned his horse to the east-bound track, so as to allow the car behind him to move forward, and, in thus diverging, his truck or wagon got upon the east-bound track of the defendant's railway; the car passed him, but before he could turn again onto the west and out of the southerly track, one of the defendant's cars came along on the east-bound track and in front of him, struck the hind wheel of his truck, and threw him off.  The only other witness called on behalf of the plaintiff testified that immediately after the accident occurred he came upon the scene and observed that the hind wheel of the wagon the plaintiff was driving had evidently been struck by something.

Opposed to the plaintiff's testimony as to the occurrence is the testimony of several witnesses, none of whom is in any way impeached. One of those witnesses testified from actual observation as to the cause of the accident.  He swears that he was near the westerly entrance to the Forty-Second street tunnel when he saw the plaintiff driving his truck, which had been upon the southerly side of the street and on the railway track; that when he first looked he was at a distance of 200 feet from the plaintiff; that he saw the plaintiff attempting to turn from the southerly side to the northerly side of the street, when the wheel of the plaintiff's truck swerved or skidded against a rail of the east-bound track, and plaintiff was thereby thrown from the wagon.  This witness testifies that when he saw this occurrence there was no car in sight. There is some criticism made upon the testimony of this witness and his inability to see the particular incident to which he testified at the distance from which he says he observed it, but there is no improbability whatever in his statement.  The motorman of the car on the west-bound track, which car followed the plaintiff before the latter turned towards the south, testifies that the plaintiff's wagon was in front of him, pointing diagonally across Forty-Second street; he saw the plaintiff fall from his wagon, and there was no other car in the tunnel at that time, nor did any other car pass him from the time of the occurrence of the accident until the witness reached Third avenue, when he saw a policeman and reported the accident.  That policeman testified that he boarded an east-bound car and went upon it to the scene of the accident, and that he had a conversation with the plaintiff,

who, when asked how that accident occurred, said he fell from his wagon, but made no reference to having been struck by a car; and the witness so entered it upon his book and so reported it at the police station.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.